# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: November 4, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| ELLEN A. MINTZER, | * | |
| | * | |
| Petitioner, | * | No. 22-1565V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Ryan K. O'Hara,* Bacon Wilson, Northhampton, MA, for petitioner.
*Benjamin R. Eisenberg,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DISMISSAL DECISION[1]

On October 21, 2022, Ellen A. Mintzer ("petitioner") filed a claim in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that as a result of receiving the influenza ("flu") vaccine on October 8, 2019, she developed Guillain-Barré syndrome ("GBS"). *Id.* at Preamble.

Respondent filed a Rule 4(c) Report on March 26, 2025, recommending against compensation, stating that the medical records do not establish that petitioner suffered from GBS. Respondent's Report at 10 ("Resp't Rept.") (ECF No. 25). Afterwards, the undersigned ordered petitioner to file an expert report addressing the issues raised in the Respondent's report. *See* Scheduling Order (ECF No. 28).

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

After requesting two extensions of time to file an expert report, petitioner filed a motion for a voluntary dismiss her claim.[3] Petitioner's Motion (ECF No. 32). In her motion, petitioner requests the Court to dismiss her petition in this matter pursuant to Vaccine Rule 21(b)(1). *Id.*

To receive compensation in the Vaccine Program, petitioners have the burden of proving either: (1) that the vaccinee suffered a "Table Injury," i.e., an injury beginning within a specified period of time following receipt of a corresponding vaccine listed on the Vaccine Injury Table (a "Table injury") or (2) that the vaccinee suffered an injury that was caused-in-fact by a covered vaccine. §§ 13(a)(1)(A); 11(c)(1). In this case, petitioner is alleging a Table-GBS, however, an examination of the record does not contain sufficient evidence that petitioner suffered a Table Injury. Nor did petitioner file a medical expert's opinion or other evidence to establish by preponderant evidence that she suffered the injury alleged.

Under the Vaccine Act, a petitioner may not be awarded compensation based on the petitioner's claims alone. Rather, a petition must be supported by either the medical records or by a medical opinion. Section 13(a)(1). In this case, the record does not contain medical records or a medical opinion sufficient to demonstrate that petitioner was injured by a vaccine.

In accordance with Vaccine Rule 21(b) and Section 12(d)(3)(A) of the Vaccine Act, this case is **DISMISSED** for insufficient proof. The Clerk shall enter judgment accordingly.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Although petitioner's motion was filed as a "Motion to Voluntarily Dismiss pursuant to Rule 21(a)," it appears this was done in error because petitioner did not include a stipulation of dismissal signed by all parties who have appeared in the action, and the motion came after serve of Respondent's Rule 4(c) report. In addition, in her motion, petitioner requested the Court dismiss her petition pursuant to Vaccine Rule 21(b).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.