# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Case No.: 22-1565

| | | |
|---|---|---|
| ELLEN A. MINTZER, Petitioner, | * | Chief Special Master Corcoran |
| v. | * | Filed: September 29, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

*Ryan K. O'Hara,* Bacon Wilson, PC, Northampton, MA, for Petitioner.

*Voris E. Johnson,* U.S. Dept. of Justice, Washington, D.C., for Respondent.

## DECISION GRANTING IN PART MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS[1]

On October 21, 2022, Ellen A. Mintzer filed this action seeking compensation under the National Vaccine Injury Compensation Program (the "Program").[2] Petition (ECF No. 1). Petitioner alleged that she suffered from Guillain-Barré syndrome ("GBS") as a result of receiving an influenza vaccine on October 8, 2019. *Id.* at Preamble. On November 4, 2025, Petitioner filed a motion to dismiss her claim, and a Decision ending the case was entered the same day. Decision (ECF No. 52).

On June 5, 2026, Petitioner filed a motion for an award of attorney's fees and costs, requesting a total amount of $28,114.02 ($18,902.50 in fees and $9,211.52 in costs). Petitioner's Fee Application ("Fee App.") (ECF No. 39). Respondent reacted to the fees motion, stating that

[1] This Decision will be posted on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the entire Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "The Program" or "Program"]. Individual section references hereafter will be to Section 300aa of the Act.

he is satisfied that the "statutory requirements for an award of attorneys' fees and costs are met in this case," but deferring to the Special Master to determine a reasonable award for fees and costs. Response, filed June 10, 2026 (ECF No. 40). Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion in part, awarding final fees and costs in the total amount of **$23,899.50.**

**ANALYSIS**

**I. Petitioner's Claim had Reasonable Basis**

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs*., No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs*., 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs*., 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the claim—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs*., 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs*., 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs*., 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have

"maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs*., 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).

While Petitioner's claim was ultimately unsuccessful, there was sufficient objective basis to entitle her to a fees and costs award. Petitioner received a covered vaccine and she was alleging GBS, some of which her treating physicians considered as a possible diagnosis. *See* Ex. 13 at 42; Ex. 14 at 32—33. Although evidence in support of the GBS diagnosis and to establish six months of residual symptoms was ultimately lacking, these matters presented reasonable fact disputes that Petitioner might have been able to overcome. She opted instead, however, to voluntarily dismiss her claim. Motion to Dismiss, dated Nov. 4, 2025 (ECF No. 32). Given the exceedingly lenient standard that governs reasonable basis determinations, and that Respondent has not raised any objection to fees in this case, a final award of fees and costs is appropriate.

## II. Calculation of Fees

### A. Attorney's Fees

#### 1. Hourly Rates

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely*, 461 U.S. at 429–37.

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.

Petitioner is requesting her attorney, Mr. Ryan O'Hara, be awarded an hourly rate of $250.00 for work performed 2020-25, and an hourly rate between $125.00-$150.00 for paralegal work performed during those same years.

This is Mr. O'Hara's first and only case in the Vaccine Program, and his hourly rate has not been set. Mr. O'Hara began practicing law in 2017, and had thus been working for three years when this matter was initiated. Given his experience in the Vaccine Program, overall legal experience, and locus of his professional activities, the hourly rate requested for all relevant years is reasonable. The requested paralegal hourly rates are also reasonable, as they fall within OSM's Forum Hourly Rate Fee schedule. Accordingly, all requested rates will be utilized.

**2. Hours Expended**

Fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Petitioners bear the burden of establishing that the rates charged, hours expended, and costs incurred are reasonable. *Wasson v. Sec'y of Health & Hum. Servs.*, 24 Cl. Ct. 482, 484 (1993). Ultimately, however, it is "well within the [s]pecial [m]aster's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). Such a reduction may be made *sua sponte*, even in the absence of enumerated objections from Respondent. *Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Savin*, 85 Fed. Cl. at 318.

The billing records show that Mr. O'Hara and paralegals expended four hours preparing and filing for admission to practice in this Court. In the Vaccine Program, however, reasonable attorney's fees and costs are limited to those "incurred in any proceeding on [a] petition." Section 15(e)(1); *see also Krause v. Sec'y of Health & Hum. Servs.,* No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). Just as an attorney cannot bill the program to research admission to the Court of Federal Claims, attorneys will not be reimbursed for seeking admission to practice or any costs incurred thereto. *See Raymo v. Sec'y of Health & Hum. Servs.,* No. 11-654V, 2016 WL 7212323, at *12 (Fed. Cl. Spec. Mstr. Nov. 2, 2016), *mot. for rev. denied,* 129 Fed. Cl. 691 (2016); *Oswalt v. Sec'y of Health & Hum. Servs.,* No. 03-2153V, 2011 WL 2149932 (Fed. Cl. Spec. Mstr. May 2, 2011) (denying fees for time spent preparing application for admission to the USCFC bar); *Ceballos v. Sec'y of Health & Hum. Servs.,* No. 99-97V, 2004 WL 784910 (Fed. Cl. Spec. Mstr. Mar. 25, 2004) (the admission fee for the USCFC bar is not recoverable). **Application of the foregoing reduces the fee award herein by $755.00.**

**B. Attorneys' Costs**

Petitioner requests $9,211.52 in overall costs. Fee App. Ex. A & B. Such costs reflect the expenses of obtaining medical records, postage costs, the Court's filing fee, and consultation with an expert, Dr. Daniel Menkes. I have reviewed the requested costs, but with the exception of Dr. Menkes' invoice Petitioner not substantiated costs with the required supporting documentation, such as an invoice or proof of payment. *See generally* Fee App. Ex A. Before reimbursement of costs is made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided. *See* Guidelines for Practice Under the National Vaccine Injury Compensation Program at 75-78.

When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the sum. *See e.g. Gardner-Cook v. Sec'y of Health & Hum. Servs.,* No 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). I will allow reimbursement for the Court's filing fee of $402.00, since that expense is clearly substantiated by the case's docket report. Further, I will reimburse Petitioner for $5,350.00 for costs incurred for having Dr. Menkes review the matter, even though an expert report was never filed. Fee App. Ex. B. But a disallow all other uncorroborated costs, **reducing the total amount of litigation costs to be awarded by $3,459.52.**

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioners' Motion for Attorney's Fees and Costs, and award a total of **$23,899.50 (reflecting $18,147.50 in fees and $5,752.00 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master